NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0589n.06

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Oct 26, 2017 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| WILLIAM ANTHONY HOFFA, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before:  BOGGS, BATCHELDER, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  William Hoffa appeals the district court's denial of his motion to suppress evidence supporting his convictions for various child-pornography offenses. We reject his arguments and affirm.

By 2010, Hoffa had two convictions for statutory rape and one for sexual exploitation of a minor.  As a result, he was required under Tennessee's Sex Offender Registry Act to notify his local police department of any changes to his address.  Hoffa violated that requirement when he moved in for two weeks with his girlfriend, April Richards, at a house owned by her mother, Betty Richards.  As a result of that violation, Detective Michael O'Keefe obtained a warrant for Hoffa's arrest.  On June 11, 2014, Detective O'Keefe and Officer Matthew Stewart went to April's home to execute it.

The parties dispute what happened next. Officer Stewart says that, as he approached the house to knock, he looked through a small window in the front door and saw Hoffa holding a cell phone. Once inside, the officers asked Hoffa if he had a phone; he said no. Stewart testified, however, that while he was talking to Hoffa he saw a cell phone sitting on a table.

According to April and Betty Richards, however, Betty took O'Keefe and another officer upstairs to April's bedroom. April says she woke to find two officers and Betty in her bedroom. She told Detective O'Keefe he could search the bedroom, which he did. Afterward, April and Betty say, they all went down to the living room, where Detective O'Keefe rummaged through a dresser and found the phone hidden under some clothes.

In any event, the officers seized the phone and took Hoffa to the police station, where he signed a *Miranda* waiver. Hoffa told the officers, among other things, that they would "probably" find child pornography on the cell phone. The officers got a warrant to search the phone, where they eventually found 312 images of child pornography and four videos.

The government thereafter charged Hoffa with receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1), (a)(2), and (a)(5)(B). He moved to suppress the images and videos, arguing they were obtained in violation of the Fourth Amendment. The district court held an evidentiary hearing, after which it found Officer Stewart more credible than April and Betty Richards. Hence the court denied the motion. Hoffa thereafter pled guilty and the court sentenced him to 300 months in prison.

Hoffa now argues that the district court erred when it chose to believe Officer Stewart's testimony rather than that of April and Betty Richards. We review the district court's credibility determinations for clear error, "but give the court an extra measure of deference." *United States v. Gatson*, 776 F.3d 405, 409 (6th Cir. 2015). The district court's decision to credit a witness's

coherent, facially plausible, and internally consistent testimony "can virtually never be clear error." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985). Here, that means Hoffa must show that Stewart's testimony was "so internally inconsistent or implausible on its face that a reasonable factfinder would not credit it." *Id.*

We see no such inconsistencies here. On direct examination, Officer Stewart testified that while knocking on the door "I could see [Hoffa] through the window. He had a phone in his hand." Stewart added that, after he had entered the home, "when I'm standing there talking to [Hoffa], just in that area right there where he was setting, there might have been an end table or something next to the chair, and I seen the phone laying on the table." Stewart said the same things on cross. Thus his testimony was internally consistent.

But Hoffa maintains that the officers contradicted each other. Specifically, he points out, O'Keefe testified that he was not present when the phone was found, whereas Stewart said that he thought O'Keefe was present. But that sort of confusion as to collateral details is understandable, especially with numerous officers in the house and "a lot of talking back and forth" between them and the occupants. What mattered here was the phone's location (i.e., whether it was in plain view), not where O'Keefe was when it was found. The district court's credibility determinations therefore stand.

Hoffa otherwise does not challenge the district court's application of the plain-view exception to the Fourth Amendment's warrant requirement. And his remaining arguments are all derivative of his challenge to the district court's credibility determinations. Hence we reject those arguments as well. *See United States v. Mathis*, 738 F.3d 719, 732 (6th Cir. 2013).

The district court's judgment is affirmed.